Case 4:11-cr-00120-Y   Document 15   Filed 10/06/11   Page 1 of 3   PageID 30

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 6 2011
CLERK, U.S. DISTRICT COURT
By _____
Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION

FACTUAL RESUME

UNITED STATES OF AMERICA

v.                                          § No. 4:11-CR-120-Y
                                            §
TERRY GLENN SILLERS (1)                     §

**INDICTMENT:**

Count One - Escape, in violation of 18 U.S.C. § 751(a).

**PLEA:**

Count One

**PENALTY:**

Five (5) years imprisonment; $250,000 fine, or twice the pecuniary gain to the defendant or loss to the victim, or both such fine and imprisonment; plus a term of Supervised Release of not more than three (3) years; plus a Mandatory Special Assessment of $100.00. If the defendant violates any condition of the term of Supervised Release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement. The effect of a revocation of a term of Supervised Release is to make the overall period of incarceration longer.

Restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; costs of incarceration and supervision.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate

**Factual Resume - Page 1**

proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

**ELEMENTS OF THE OFFENSE:**

In order to establish the guilt of the defendant of the offense of Escape in violation of 18 U.S.C. § 751(a) as alleged in Count One of the indictment, the Government must prove each of the following elements beyond a reasonable doubt:

*First*: That the defendant was in federal custody;

*Second*: That the defendant was at an institution or facility where the defendant was confined by direction of the Attorney General for conviction of an offense;

*Third*: That the defendant departed without permission; and

*Fourth*: That the defendant knew he did not have permission to leave federal custody.

**STIPULATED FACTS:**

On June 21, 2011, Terry Glenn Sillers was a federal prisoner in the custody of the Volunteers of America ("VOA") halfway house in the Fort Worth Division of the Northern District of Texas. Sillers was confined at the VOA facility by direction of the Attorney General because of his June 26, 2001 conviction for Possession with Intent to Distribute a Controlled Substance. On the night of June 21, 2011, Sillers disguised his bedding to create the appearance of his sleeping presence, and, without permission of VOA or any other authority, he left the halfway house, and did not return. VOA is a non-secure facility that does not use guards. Law enforcement officials located Sillers on June 23, 2011, and he was arrested.

**Factual Resume - Page 2**

Siller admits that when he left the custody of VOA on June 21, 2011, he knew that he did not have permission to leave.

AGREED AND STIPULATED on this 28TH day of September, 2011.

_____  
Terry Glenn Sillers

_____  
Peter Fleury  
Defendant Counsel for Defendant

Factual Resume - Page 3