1

1                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
2                  FORT WORTH DIVISION

3  UNITED STATES OF AMERICA     .  CRIMINAL ACTION NOS.
                       .  4:11-CR-119-Y
4                     .  4:11-CR-120-Y
                     .  4:11-CR-139-Y
5                     .  4:11-CR-140-Y
                     .  4:11-CR-146-Y
6  V.                   .
                     .
7  RICHARD LANCE BECK         .
  TERRY GLEN SILLERS         .
8  JOSE MACARIO RICO-ZAPATERO   .
  SALVADOR SERNA-ROMERO      .  Fort Worth, Texas
9  IRIS YOLANDA SMITH        .  October 6, 2011
  . . . . . . . . . . . . . . . .
10

11              TRANSCRIPT OF PROCEEDINGS
              (Rearraignment Hearing)
12     BEFORE THE HONORABLE JEFFREY L. CURETON
         UNITED STATES MAGISTRATE JUDGE
13

14

<u>APPEARANCES</u>:

15

For the Government:      MR. SHAWN SMITH
16                    United States Attorney's Office
                    801 Cherry Street, Suite 1700
17                    Fort Worth, Texas  76102-6897
                    (817) 252-5200
18

For Defendants Beck,     MR. WILLIAM R. BIGGS
19   Sillers and Smith:      Federal Public Defender
                    819 Taylor Street, Room 9A10
20                    Fort Worth, Texas  76102
                    (817) 978-2753
21

For Defendants Rico      MR. WILLIAM HERMESMEYER
22   and Serna:             Federal Public Defender
                    819 Taylor Street, Room 9A10
23                    Fort Worth, Texas  76102
                    (817) 978-2753
24

25

1   <u>APPEARANCES</u>:  (Cont.)

2   Court Reporter:                    MS. ANA P. WARREN
                                       U.S. District Court Reporter
3                                      501 W. 10th Street, Room 201
                                       Fort Worth, Texas  76102-3637
4                                      (817) 850-6681

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Proceedings recorded by mechanical stenography; transcript
     produced by computer-aided transcription.

3

### P R O C E E D I N G S

1

2        (Commencing, 9:00 a.m.)

3            THE COURT:  The Court has several matters set for

4   rearraignment this morning.  I'll begin with Cause Number

5   4:11-CR-119, United States versus Richard Lance Beck.  As I

6   call your name, the marshals will show you where to line up.

7       I'll note that Mr. Shawn Smith is present for the

8   government in all cases; is that correct?

9            MR. SMITH:  Yes, Your Honor.

10           THE COURT:  And Mr. William Biggs is present for

11  Mr. Fleury in his cases?

12           MR. BIGGS:  Yes, Your Honor.

13           THE COURT:  All right.  Also, Cause Number

14  4:11-CR-120, United States versus Terry Glen Sillers.  Cause

15  Number 4:11-CR-139, United States versus Jose Macario

16  Rico-Zapatero.  Mr. Hermesmeyer is present for the defendant.

17  And, also, in Cause Number 4:11-CR-140, United States versus

18  Salvador Serna-Romero.  Cause Number 4:11-CR-146, United

19  States versus Iris Yolanda Smith.

20      Let's have Ms. Smith stand over here since she has

21  Mr. Biggs as well.

22      All right.  I would ask that each of the defendants please

23  raise your right hand and be sworn by my clerk.

24      (Defendants sworn by the clerk)

25           THE COURT:  Very well.  Let's begin by stating your

4

1    full name.  I'll begin with Ms. Smith.

2              DEFENDANT SMITH:  Iris Yolanda Smith.

3              THE COURT:  I'm sorry.  You're going to have to speak

4    up very loudly.  My court reporter has to hear and record all

5    of your answers.

6              DEFENDANT SMITH:  Iris Yolanda Smith.

7              THE COURT:  All right.  Ms. Smith, and if you could,

8    go ahead and scoot in a little closer.

9         And, Mr. Beck, I'm going to ask you to scoot in a little

10   closer as well.

11        All right.  Would you state your full name, Mr. Beck?

12             DEFENDANT BECK:  Richard Lance Beck.

13             THE COURT:  Mr. Sillers?

14             DEFENDANT SILLERS:  Terry Glen Sillers.

15             THE COURT:  Mr. Rico-Zapatero?

16             DEFENDANT RICO:  Jose Macario Rico-Zapatero.

17             THE COURT:  And do you go by the last name Rico?

18             DEFENDANT RICO:  Yes, sir.

19             THE COURT:  And Mr. Serna-Romero?

20             DEFENDANT SERNA:  Salvador Serna-Romero.

21             THE COURT:  And do you go by the last name Serna?

22             DEFENDANT SERNA:  Yes, sir.

23             THE COURT:  Is your name spelled correctly in the

24   indictment or information that has been filed against you?

25        Ms. Smith?

1              DEFENDANT SMITH:  Yes.

2              THE COURT:  Mr. Beck?

3              DEFENDANT BECK:  Yes.

4              THE COURT:  Mr. Sillers?

5              DEFENDANT SILLERS:  Yes, sir.

6              THE COURT:  Mr. Rico?

7              DEFENDANT RICO:  Yes, sir.

8              THE COURT:  Mr. Serna?

9              DEFENDANT SERNA:  Yes, sir.

10             THE COURT:  Do each of you understand that you are

11    now under oath and that if you answer any of the Court's

12    questions falsely, your answers may later be used against you

13    in a prosecution for perjury or for making a false statement?

14      Ms. Smith?

15             DEFENDANT SMITH:  Yes.

16             THE COURT:  Mr. Beck?

17             DEFENDANT BECK:  Yes, sir.

18             THE COURT:  Mr. Sillers?

19             DEFENDANT SILLERS:  Yes, sir.

20             THE COURT:  Mr. Rico?

21             DEFENDANT RICO:  Yes, sir.

22             THE COURT:  Mr. Serna?

23             DEFENDANT SERNA:  Yes, sir.

24             THE COURT:  Do each of you read, write, and

25    understand the English language?

1      Ms. Smith?

2            DEFENDANT SMITH:  Yes.

3            THE COURT:  Mr. Beck?

4            DEFENDANT BECK:  Yes, sir.

5            THE COURT:  Mr. Sillers?

6            DEFENDANT SILLERS:  Yes, sir.

7            THE COURT:  Mr. Rico?

8            DEFENDANT RICO:  No.

9            THE COURT:  Mr. Serna?

10            DEFENDANT SERNA:  No.

11            THE COURT:  All right.  As to Defendants Rico and

12      Serna, I will note for the record that Ms. Monica Munera has

13      previously been sworn as the interpreter and is providing that

14      service.  Are you able to understand the proceedings through

15      the interpreter?

16      Mr. Rico?

17            DEFENDANT RICO:  Yes, sir.

18            THE COURT:  And Mr. Serna?

19            DEFENDANT SERNA:  Yes, sir.

20            THE COURT:  Very well.  Do each of you understand

21      that I am conducting this sentence rather than the district

22      judge based upon your consent?  However, it is the district

23      judge who will retain all final decision-making authority over

24      the plea, and it is the district judge who will conduct your

25      sentencing?

7

1        Ms. Smith?

2             DEFENDANT SMITH:  Yes.

3             THE COURT:  Mr. Beck?

4             DEFENDANT BECK:  Yes, sir.

5             THE COURT:  Mr. Sillers?

6             DEFENDANT SILLERS:  Yes, sir.

7             THE COURT:  Mr. Rico?

8             DEFENDANT RICO:  Yes, sir.

9             THE COURT:  Mr. Serna?

10            DEFENDANT SERNA:  Yes, sir.

11            THE COURT:  And I've been provided a document in each

12   of your cases entitled "Consent to Administration of Guilty

13   Plea and Federal Rule of Criminal Procedure 11 Allocution" by

14   a United States Magistrate Judge.  Is this your signature that

15   appears on this consent form?

16       Ms. Smith?

17            DEFENDANT SMITH:  Yes.

18            THE COURT:  Mr. Beck?

19            DEFENDANT BECK:  Yes, sir.

20            THE COURT:  Mr. Sillers?

21            DEFENDANT SILLERS:  Yes, sir.

22            THE COURT:  Mr. Rico?

23            DEFENDANT RICO:  Yes, sir.

24            THE COURT:  And Mr. Serna?

25            DEFENDANT SERNA:  Yes, sir.

1          THE COURT:  All right.  I do find that each of you

2    have knowingly and voluntarily waived your right to enter your

3    guilty plea before the district judge and that you have

4    consented to proceed before me in that plea this morning.  And

5    I'm signing an order to that effect in each of your cases.

6       Now, is there anyone present who has a physical disability

7    or impairment, which might make it difficult for you to stand

8    for approximately the next 25 to 30 minutes?  Is there anyone?

9       All right.  Before I go any further, in Mr. Rico and

10   Mr. Serna's cases, the consent form is not signed by the

11   United States Attorney.  Mr. Smith, I'm going to hand these

12   forward and ask that you execute those on behalf of your

13   office.

14      (Brief pause in proceedings)

15          THE COURT:  Thank you.

16      All right.  Let me give the defendants some general

17   instructions.  You and each of you may, if you choose, plead

18   not guilty to any charge against you or persist in that plea

19   if it's already been made.  And if you plead not guilty, the

20   Constitution of the United States guarantees you the following

21   rights:

22      You have the right to a speedy and public trial by a jury

23   in this district.  You have the right at such a trial for you

24   to confront, that is, to see, hear, and cross examine all

25   witnesses against you.

9

1          You have the right to use the power and the process of the

2    Court to compel the production of any evidence, including the

3    attendance of any witnesses on your behalf.  You have the

4    right to have the assistance of an attorney at all stages of

5    the proceedings, and if you could not afford an attorney, the

6    Court will appoint an attorney for you.

7          At such a trial, you could not be compelled to testify,

8    and whether you would testify would be a decision in which

9    your judgment alone would control.  At such a trial, the

10   United States would be required to prove your guilt beyond a

11   reasonable doubt, and if you were convicted, you would have

12   the right to appeal your conviction.

13         Do each of you understand that you have and are guaranteed

14   each of these constitutional rights?

15       Ms. Smith?

16           DEFENDANT SMITH:  Yes.

17           THE COURT:  Mr. Beck?

18           DEFENDANT BECK:  Yes, sir.

19           THE COURT:  And Mr. Sillers?

20           DEFENDANT SILLERS:  Yes, sir.

21           THE COURT:  And Mr. Rico?

22           DEFENDANT RICO:  Yes, sir.

23           THE COURT:  And Mr. Serna?

24           DEFENDANT SERNA:  Yes, sir.

25           THE COURT:  On the other hand, if you plead guilty

1    and if that guilty plea is accepted by the Court, there will

2    not be a further trial of any kind, so that by pleading

3    guilty, you would waive your right to a trial as well as those

4    rights associated with a trial as I've just described them.

5         Do you understand, Ms. Smith?

6              DEFENDANT SMITH:  Yes.

7              THE COURT:  Mr. Beck?

8              DEFENDANT BECK:  Yes, sir.

9              THE COURT:  Mr. Sillers?

10             DEFENDANT SILLERS:  Yes, sir.

11             THE COURT:  Mr. Rico?

12             DEFENDANT RICO:  Yes, sir.

13             THE COURT:  And Mr. Serna?

14             DEFENDANT SERNA:  Yes, sir.

15             THE COURT:  Generally, a defendant who is accused of

16   a crime cannot plead guilty unless he or she is actually

17   guilty of that crime.  In federal court, it is the judge who

18   determines the penalty if a defendant is convicted whether

19   that conviction is on a verdict of a jury or upon a plea of

20   guilty --

21             THE INTERPRETER:  Your Honor, could you repeat,

22   please?

23             THE COURT:  Yes.  In federal court, it is the judge

24   who determines the penalty if a defendant is convicted whether

25   that conviction is on a verdict of a jury or upon a plea of

1    guilt.

2        The Court has not and will not talk to anyone about the

3    facts of your case except here in your presence where you,

4    your attorney, and representatives of the government are all

5    present.  However, if a guilty verdict is entered, a

6    presentence report will be prepared, and the Court will review

7    that report with the probation officers outside of your

8    presence.

9        If you plead guilty, you will be convicted.  However, you

10   and your attorney each will be given an opportunity to present

11   to the Court any pleas for leniency.  The penalty will be

12   decided based upon the facts heard in court.

13       You should never depend or rely upon any statement or

14   promise by anyone whether connected with law enforcement or

15   the government or anyone else as to what penalty will be

16   assessed against you.

17       Should you decide to plead guilty, your plea of guilty

18   must not be induced or prompted by any promises, pressure,

19   threats, force, or coercion of any kind.  A plea of guilty

20   must be purely voluntary, and you should plead guilty only

21   because you are guilty and for no other reason.

22       Do each of you understand each of my explanations about

23   the process and the consequences of pleading guilty?

24       Ms. Smith?

25           DEFENDANT SMITH:  Yes.

1          THE COURT:  Mr. Beck?

2          DEFENDANT BECK:  Yes, sir.

3          THE COURT:  Mr. Sillers?

4          DEFENDANT SILLERS:  Yes, sir.

5          THE COURT:  Mr. Rico?

6          DEFENDANT RICO:  Yes, sir.

7          THE COURT:  Mr. Serna?

8          DEFENDANT SERNA:  Yes, sir.

9          THE COURT:  Now, under the Sentencing Reform Act of

10   1984 as construed by our Supreme Court, the United States

11   Sentencing Commission has issued advisory guidelines for

12   judges to consider in determining the sentence in a criminal

13   case.

14       Have you and your attorney discussed the charges against

15   you, the matter of sentencing, and how the sentencing

16   guidelines might apply in your case?

17       Ms. Smith?

18          DEFENDANT SMITH:  Yes.

19          THE COURT:  Mr. Beck?

20          DEFENDANT BECK:  Yes, sir.

21          THE COURT:  Mr. Sillers?

22          DEFENDANT SILLERS:  Yes, sir.

23          THE COURT:  Mr. Rico?

24          DEFENDANT RICO:  Yes, sir.

25          THE COURT:  Mr. Serna?

1          DEFENDANT SERNA:  Yes, sir.

2          THE COURT:  Even so, I must inform you that in

3     determining a sentence, it is the Court's obligation to

4     calculate the applicable sentencing guidelines, to consider

5     that range along with any possible departures under the

6     sentencing guidelines, and other sentencing factors under 18,

7     USC, Section 3553(a).

8          The Court is not bound by facts that are stipulated

9     between you and your attorney on the one hand and the

10     government on the other.  The Court can impose punishment that

11     might disregard stipulated facts or take into account facts

12     not mentioned in the stipulations.  In that event, you might

13     not even be permitted to withdraw your plea of guilty.

14          The Court will not be able to determine the guideline

15     range for your sentence until after the presentence report has

16     been completed and you and the government have each had an

17     opportunity to challenge the facts and the conclusions that

18     are set forth in the report.

19          After the Court has determined the guideline range that is

20     appropriate under the facts of your case, the Court has the

21     authority to impose a sentence that is above, below, or within

22     that range, as long as the sentence imposed is reasonable and

23     based upon the facts and the law.

24          You have the right to appeal the sentence the Court

25     imposes unless you waive that right.  Under some

1    circumstances, the government also has the right to appeal.

2        Finally, within the federal system, parole has been

3    abolished, so that if you are sentenced to imprisonment, you

4    will not be released on parole.

5        Do each of you understand each of my explanations about

6    the -- well, regarding sentencing?

7        Ms. Smith?

8            DEFENDANT SMITH:  Yes.

9            THE COURT:  Mr. Beck?

10           DEFENDANT BECK:  Yes, sir.

11           THE COURT:  Mr. Sillers?

12           DEFENDANT SILLERS:  Yes, Your Honor.

13           THE COURT:  Mr. Rico?

14           DEFENDANT RICO:  Yes, sir.

15           THE COURT:  Mr. Serna?

16           DEFENDANT SERNA:  Yes, sir.

17           THE COURT:  How old are you?

18       Ms. Smith?

19           DEFENDANT SMITH:  Forty-one.

20           THE COURT:  Mr. Beck?

21           DEFENDANT BECK:  Thirty-two.

22           THE COURT:   Mr. Sillers?

23           DEFENDANT SILLERS:  Forty-six.

24           THE COURT:  Did you say 46?

25           DEFENDANT SILLERS:  Forty-six.

1          THE COURT:  Mr. Rico?

2          DEFENDANT RICO:  Twenty-nine.

3          THE COURT:  Mr. Serna?

4          DEFENDANT SERNA:  Forty-one.

5          THE COURT:  And what is your date of birth?

6     Ms. Smith?

7          DEFENDANT SMITH:  January 10, 1970.

8          THE COURT:  Mr. Beck?

9          DEFENDANT BECK:  September 22, 1979.

10         THE COURT:  Mr. Sillers?

11         DEFENDANT SILLERS:  December 14, 1974.

12         THE COURT:  Mr. Rico?

13         DEFENDANT RICO:  August 17, 1982.

14         THE COURT:  Mr. Serna?

15         DEFENDANT SERNA:  12-18-69.

16         THE COURT:  How far did you go in school?

17    Ms. Smith?

18         DEFENDANT SMITH:  GED.

19         THE COURT:  Mr. Beck?

20         DEFENDANT BECK:  GED.

21         THE COURT:  Mr. Sillers?

22         DEFENDANT SILLERS:  GED, sir.

23         THE COURT:  Mr. Rico?

24         DEFENDANT RICO:  9th.

25         THE COURT:  Mr. Serna?

1          DEFENDANT SERNA:  5th.

2          THE COURT:  Are you currently or within the last six

3     months, have you been under the care of a physician or a

4     psychiatrist?

5        Ms. Smith?

6          DEFENDANT SMITH:  Yes.

7          THE COURT:  All right.  Is there anything about that

8     care or treatment that interferes with your ability to

9     understand what we're doing here today?

10          DEFENDANT SMITH:  No.

11          THE COURT:  Mr. Beck?

12          DEFENDANT BECK:  No, sir.

13          THE COURT:  Mr. Sillers?

14          DEFENDANT SILLERS:  No, sir.

15          THE COURT:  Mr. Rico?

16          DEFENDANT RICO:  No, sir.

17          THE COURT:  Mr. Serna?

18          DEFENDANT SERNA:  No, sir.

19          THE COURT:  Have you been hospitalized or treated for

20     narcotics addiction or alcoholism?

21        Ms. Smith?

22          DEFENDANT SMITH:  No.

23          THE COURT:  Mr. Beck?

24          DEFENDANT BECK:  No.

25          THE COURT:  Mr. Sillers?

1          DEFENDANT SILLERS:  No, sir.

2          THE COURT:  Mr. Rico?

3          DEFENDANT RICO:  No, sir.

4          THE COURT:  Mr. Serna?

5          DEFENDANT SERNA:  No, sir.

6          THE COURT:  Are you currently under the influence of

7    alcohol or any narcotic drug?

8        Ms. Smith?

9          DEFENDANT SMITH:  No.

10          THE COURT:  Mr. Beck?

11          DEFENDANT BECK:  No, sir.

12          THE COURT:  Mr. Sillers?

13          DEFENDANT SILLERS:  No, sir.

14          THE COURT:  Mr. Rico?

15          DEFENDANT RICO:  No, sir.

16          THE COURT:  Mr. Serna?

17          DEFENDANT SERNA:  No, sir.

18          THE COURT:  Do you suffer from any emotional or

19    mental disability?

20        Ms. Smith?

21          DEFENDANT SMITH:  No.

22          THE COURT:  Mr. Beck?

23          DEFENDANT BECK:  No, sir.

24          THE COURT:  Mr. Sillers?

25          DEFENDANT SILLERS:  No, sir.

1          THE COURT:  Mr. Rico?

2          DEFENDANT RICO:  No, sir.

3          THE COURT:  Mr. Serna?

4          DEFENDANT SERNA:  No, sir.

5          THE COURT:  Are you of sound mind and do you full any

6     understand what it is we're doing here today?

7        Ms. Smith?

8          DEFENDANT SMITH:  Yes.

9          THE COURT:  Mr. Beck?

10         DEFENDANT BECK:  Yes, sir.

11         THE COURT:  Mr. Sillers?

12         DEFENDANT SILLERS:  Yes, sir.

13         THE COURT:  Mr. Rico?

14         DEFENDANT RICO:  Yes, sir.

15         THE COURT:  Mr. Serna?

16         DEFENDANT SERNA:  Yes, sir.

17         THE COURT:  Mr. Biggs, do you have any reason to

18    believe that Ms. Smith, Mr. Beck, or Mr. Sillers are not fully

19    competent to enter a plea of guilty?

20         MR. BIGGS:  No, Your Honor.  I believe they are fully

21    competent.

22         THE COURT:  Do you believe that the plea of guilty

23    that each of them is proposing to make will be a knowing and

24    voluntary plea?

25         MR. BIGGS:  Yes, Your Honor.

1          THE COURT:  Mr. Hermesmeyer, do you have any reason

2    to believe that your clients are not fully competent to enter

3    a plea of guilty?

4          MR. HERMESMEYER:  No, Your Honor.

5          THE COURT:  Do you believe that the plea of guilty

6    that each of them are proposing to make will be a knowing and

7    voluntary plea?

8          MR. HERMESMEYER:  Yes, Your Honor.

9          THE COURT:  Now, in Ms. Smith's case, do we have a

10   waiver of indictment?

11         MR. SMITH:  Yes, Your Honor.  It was filed at the

12   arraignment, actually.

13         THE COURT:  Did we go over it appropriately at that

14   time?

15         MR. SMITH:  Yes, Your Honor.

16         THE COURT:  Did I instruct Ms. Smith as to her right

17   to be indicted by a grand jury, or did I just go over the form

18   itself?

19         MR. SMITH:  I wasn't present at the hearing, Your

20   Honor.  So I don't know.

21         THE COURT:  Let me go ahead and cover it just to be

22   sure.

23      All right.  Ms. Smith, you are -- you understand you are

24   charged with the commission of a felony?

25         DEFENDANT SMITH:  Yes.

1          THE COURT:  Now, under the United States

2     Constitution, you may not be charged with a felony unless a

3     grand jury finds by the return of an indictment that there is

4     probable cause to believe that a crime has been committed and

5     that you committed it.  However, you may waive your right to

6     an indictment and consent to being charged by an information,

7     which is filed by the United States Attorney.

8          The felony charge in your case has been brought by the

9     filing of just such an information by the United States

10    Attorney.  If you do not waive indictment and the government

11    wishes to pursue its case against you, the government must

12    present its case to the grand jury and request that you be

13    indicted.

14         Now, a grand jury is composed of at least 16 but not more

15    than 23 persons, and at least 12 grand jurors must find that

16    there is probable cause to believe that you committed the

17    crime with which you are charged before you may be indicted.

18    So the grand jury might or it might not indict you, but if you

19    waive indictment by the grand jury, the case will proceed

20    against you on the information filed by the United States

21    Attorney just as though you had been indicted.

22         Have you discussed with your attorney the matter of

23    waiving your right to indictment by the grand jury?

24         DEFENDANT SMITH:  Yes.

25         THE COURT:  And do you understand your right to be

1   indicted by a grand jury?

2         DEFENDANT SMITH:  Yes.

3         THE COURT:  Have any threats or promises been made to

4   induce you to waive indictment in your case?

5         DEFENDANT SMITH:  No.

6         THE COURT:  Do you wish to waive your right to

7   indictment by the grand jury?

8         DEFENDANT SMITH:  Yes.

9         THE COURT:  All right.  And, Mr. Biggs, do you see

10  any reason why Ms. Smith should not waive indictment?

11        MR. BIGGS:  No, Your Honor.

12        THE COURT:  And is such waiver consistent with your

13  advice?

14        MR. BIGGS:  Yes, it is.

15        THE COURT:  And I understand there has been a written

16  waiver filed; is that correct?

17        MR. BIGGS:  Yes.

18        THE COURT:  And, Ms. Smith, was it your signature

19  that was placed on the written waiver?

20        DEFENDANT SMITH:  Yes.

21        THE COURT:  Very well.  The Court finds that

22  Ms. Smith's waiver of indictment is a knowing and voluntary

23  waiver, and it is accepted by the Court.

24      (Brief pause in proceedings)

25        THE COURT:  Very well.  I will order that the waiver

1   be filed with the other papers in your case, Ms. Smith.

2       All right.  Have you received a copy of the indictment, or

3   in your case, Ms. Smith, the information in your case?

4       Ms. Smith?

5           DEFENDANT SMITH:  Yes.

6           THE COURT:  Mr. Beck?

7           DEFENDANT BECK:  Yes, sir.

8           THE COURT:  Mr. Sillers?

9           DEFENDANT SILLERS:  Yes, sir.

10          THE COURT:  Mr. Rico?

11          DEFENDANT RICO:  Yes, sir.

12          THE COURT:  Mr. Serna?

13          DEFENDANT SERNA:  Yes, sir.

14          THE COURT:  Have you read the indictment or

15  information or had it read to you?

16      Ms. Smith?

17          DEFENDANT SMITH:  Excuse me?

18          THE COURT:  Have you read the information in your

19  case?

20          DEFENDANT SMITH:  Yes.

21          THE COURT:  Have you read the indictment in your

22  case, Mr. Beck?

23          DEFENDANT BECK:  Yes, sir.

24          THE COURT:  Mr. Sillers?

25          DEFENDANT SILLERS:  Yes, sir.

1          THE COURT:  Mr. Rico?

2          DEFENDANT RICO:  Yes, sir.

3          THE COURT:  And Mr. Serna?

4          DEFENDANT SERNA:  Yes, sir.

5          THE COURT:  And do you understand the nature of the

6     charges against you, Ms. Smith?

7          DEFENDANT SMITH:  I didn't hear you?

8          THE COURT:  Do you understand the nature of the

9     charges against you?

10          DEFENDANT SMITH:  Yes.

11          THE COURT:  Mr. Beck?

12          DEFENDANT BECK:  Yes, sir.

13          THE COURT:  Mr. Sillers?

14          DEFENDANT SILLERS:  Yes, sir.

15          THE COURT:  Mr. Rico?

16          DEFENDANT RICO:  Yes, sir.

17          THE COURT:  Mr. Serna?

18          DEFENDANT SERNA:  Yes, sir.

19          THE COURT:  Even so, it would be appropriate for the

20     United States Attorney to read the charges here in open court.

21     However, I will allow you to waive that reading if you so

22     choose.  Do you wish to have those charges read, or do you

23     waive the reading?

24       Ms. Smith?

25          DEFENDANT SMITH:  I'll waive the reading.

```
1          THE COURT:  Mr. Beck?

2          DEFENDANT BECK:  Waive, sir.

3          THE COURT:  Mr. Sillers?

4          DEFENDANT SILLERS:  Waive, sir.

5          THE COURT:  Mr. Rico?

6          DEFENDANT RICO:  I waive.

7          THE COURT:  Mr. Serna?

8          DEFENDANT SERNA:  I waive.

9          THE COURT:  I will allow each of you to waive the
```

10   reading of the charges.  You also have the right to have

11   explained to you the essential elements of the charges against

12   you.  And, therefore, I will call upon Mr. Shawn Smith with

13   the United States Attorney's Office to set forth the essential

14   elements in each of your cases.

15      Mr. Smith?

16          MR. SMITH:  For Ms. Smith, first, that the defendant

17   knowingly presented to an agency of the United States a false

18   or fraudulent claim against the United States.

19      Second, the defendant knew that the claim was false and

20   fraudulent.

21      And, third, that the false and fraudulent claim was

22   material.

23          THE COURT:  All right.  Ms. Smith, do you admit that

24   you committed all of the essential elements of the offense

25   just described?

1          DEFENDANT SMITH:  Yes.

2          THE COURT:  All right.  As to Defendant Beck?

3          MR. SMITH:  For Defendants Beck and Sillers, the same

4    elements.

5       First, that the defendant was in federal custody.

6       Second, that the defendant was at an institution or

7    facility where the defendant was confined by direction of the

8    Attorney General for conviction of an offense.

9       Third, that the defendant departed without permission.

10      And, fourth, that the defendant knew he did not have

11   permission to leave federal custody.

12         THE COURT:  Defendants Beck and Sillers, do each of

13   you admit that you committed all of the essential elements of

14   the offense just described?

15      Mr. Beck?

16         DEFENDANT BECK:  Yes, sir.

17         THE COURT:  Mr. Sillers?

18         DEFENDANT SILLERS:  Yes, sir.

19         THE COURT:  As to Defendants Rico and Serna?

20         MR. SMITH:  First, that on or about the date alleged

21   in the indictment, the defendant was an alien.

22      Second, that the defendant was previously deported and

23   removed from the United States.

24      Third, that the defendant was found in the United

25   States.

1    And, fourth, the defendant had not received the express

2    consent of either the Attorney General of the United States or

3    the secretary of the Department of Homeland Security to

4    re-apply for admission to the United States since the time of

5    the defendant's previous deportation.

6         THE COURT:  Do each of you admit that you committed

7    all of the essential elements of the offense just described?

8    Mr. Rico?

9         DEFENDANT RICO:  Yes, sir.

10        THE COURT:  Mr. Serna?

11        DEFENDANT SERNA:  Yes, sir.

12        THE COURT:  Now, each of you are appearing here with

13   your attorney, and you have indicated that you have discussed

14   your case and the charges made against you and the issue of

15   punishment and sentencing with your attorney and, also, how

16   the sentencing guidelines might apply to your case.

17   Are you fully satisfied with the representation and advice

18   that you have received from your attorney in your case?

19   Ms. Smith?

20        DEFENDANT SMITH:  Yes.

21        THE COURT:  Mr. Beck?

22        DEFENDANT BECK:  Yes, sir.

23        THE COURT:  Mr. Sillers?

24        DEFENDANT SILLERS:  Yes, sir.

25        THE COURT:  Mr. Rico?

1          DEFENDANT RICO:  Yes, sir.

2          THE COURT:  Mr. Serna?

3          DEFENDANT SERNA:  Yes, sir.

4          THE COURT:  Now, I understand there is a plea

5     agreement in Ms. Smith's case, and I've been provided

6     documents, which are appropriately styled and numbered for

7     your case, Ms. Smith, which are entitled "Plea Agreement with

8     Waiver of Appeal" and, also, a plea agreement supplement.

9        Is this your signature that appears on these plea

10    documents?

11         DEFENDANT SMITH:  Yes.

12         THE COURT:  And did you read or have read to you the

13    plea agreement and the plea agreement supplement?

14         DEFENDANT SMITH:  Yes.

15         THE COURT:  Did you understand everything that's set

16    forth in the plea agreement and the supplement?

17         DEFENDANT SMITH:  Yes.

18         THE COURT:  By placing your signature on these

19    documents, are you asking the Court to approve and accept your

20    plea agreement?

21         DEFENDANT SMITH:  Yes.

22         THE COURT:  Now, your plea agreement involves a

23    waiver of right to appeal.  So I'm going to direct your

24    attention to Paragraph 10 of your plea agreement, and I ask

25    you, did you read and understand this waiver of appeal

1    paragraph?

2            DEFENDANT SMITH:  Yes.

3            THE COURT:  And did you discuss this paragraph with

4    your attorney?

5            DEFENDANT SMITH:  Yes.

6            THE COURT:  Do you knowingly and voluntarily waive

7    your right to appeal as set forth in this paragraph?

8            DEFENDANT SMITH:  Yes.

9            THE COURT:  And, Ms. Smith, are all the terms of your

10   agreement with the government set out in the written plea

11   agreement and the supplement?

12           DEFENDANT SMITH:  Yes.

13           THE COURT:  Did you knowingly and voluntarily and of

14   your own free will enter into this plea agreement?

15           DEFENDANT SMITH:  Yes.

16           THE COURT:  Other than the written plea agreement and

17   the supplement, has anyone made any promise or assurance to

18   you of any kind in an effort to induce you to enter a plea of

19   guilty in your case?

20           DEFENDANT SMITH:  No.

21           THE COURT:  Very well.  Then I'll order the filing of

22   the plea agreement in your case.

23       As to the remaining defendants, has anyone made any

24   promise or assurance to you of any kind in an effort to induce

25   you to enter a plea of guilty in your case?

1        Mr. Beck?

2              DEFENDANT BECK:  No, sir.

3              THE COURT:  Mr. Sillers?

4              DEFENDANT SILLERS:  No.

5              THE COURT:  Mr. Rico?

6              DEFENDANT RICO:  No, sir.

7              THE COURT:  Mr. Serna?

8              DEFENDANT SERNA:  No, sir.

9              THE COURT:  As to all defendants, has anyone

10   mentally, physically, or in any other way attempted to force

11   you to plead guilty in your case?

12       Ms. Smith?

13             DEFENDANT SMITH:  No.

14             THE COURT:  Mr. Beck?

15             DEFENDANT BECK:  No, sir.

16             THE COURT:  Mr. Sillers?

17             DEFENDANT SILLERS:  No, sir.

18             THE COURT:  Mr. Rico?

19             DEFENDANT RICO:  No, sir.

20             THE COURT:  Mr. Serna?

21             DEFENDANT SERNA:  No, sir.

22             THE COURT:  And do each of you understand that if

23   your guilty plea is accepted, you will be adjudged guilty of

24   the offense charged against you and your punishment will be

25   assessed somewhere within the range of punishment provided by

```
1    statute?

2        Ms. Smith?

3            DEFENDANT SMITH:  Yes.

4            THE COURT:  Mr. Beck?

5            DEFENDANT BECK:  Yes, sir.

6            THE COURT:  Mr. Sillers?

7            DEFENDANT SILLERS:  Yes, sir.

8            THE COURT:  Mr. Rico?

9            DEFENDANT RICO:  Yes, sir.

10           THE COURT:  Mr. Serna?

11           DEFENDANT SERNA:  Yes, sir.

12           THE COURT:  Are you a citizen of the United States?

13       Ms. Smith?

14           DEFENDANT SMITH:  Yes.

15           THE COURT:  Mr. Beck?

16           DEFENDANT BECK:  Yes, sir.

17           THE COURT:  Mr. Sillers?

18           DEFENDANT SILLERS:  Yes, sir.

19           THE COURT:  Mr. Rico?

20           DEFENDANT RICO:  No.

21           THE COURT:  Mr. Serna?

22           DEFENDANT SERNA:  No, sir.

23           THE COURT:  As to Defendants Rico and Serna, your

24   conviction in this case could result in deportation.  That is,

25   you could be required to leave the United States, and it could
```

1    adversely affect your ability to ever become a citizen of the

2    United States.  Have you discussed with your attorney the

3    possibility that you may be deported if you are adjudged

4    guilty of the charges against you?

5        Mr. Rico?

6             DEFENDANT RICO:  Yes, sir.

7             THE COURT:  Mr. Serna?

8             DEFENDANT SERNA:  Yes, sir.

9             THE COURT:  As to the remaining defendants, the

10   offense to which you are pleading guilty is a felony, and

11   conviction of the felony may deprive of you of valuable rights

12   of citizenship, such as the right to vote, to hold public

13   office, to ever serve on a jury, to ever possess any kind of

14   firearm, and other valuable rights.

15       Do you understand that consequence, Ms. Smith?

16            DEFENDANT SMITH:  Yes.

17            THE COURT:  Mr. Beck?

18            DEFENDANT BECK:  Yes, sir.

19            THE COURT:  Mr. Sillers?

20            DEFENDANT SILLERS:  Yes, sir.

21            THE COURT:  In addition, I will now call upon the

22   United States Attorney to set forth any potential penalties

23   for and consequences of conviction for the charges to which

24   each of the defendants is proposing to plead guilty.

25       Mr. Smith?

1          MR. SMITH:  For Ms. Smith, a $250,000 fine, five

2    years imprisonment, plus, a term of supervised release of

3    three years.  If the defendant violates any condition of

4    supervised release, the Court made revoke such term of

5    supervised release and require the defendant to serve an

6    additional period of confinement.

7        In addition, the Court, pursuant to 18, United States

8    Code, Section 3663(a), shall order the defendant to pay

9    restitution to any victim of his or her crime, which could

10   include community service.

11       The defendant specifically agrees, pursuant to 18, United

12   States Code, Section 3663(a)(3), that the extent of

13   restitution ordered by the Court is not limited to the

14   restitution attributed to the offense of conviction alone but

15   may include restitution arising from all relevant conduct.

16   And a mandatory special assessment of $100.

17          THE COURT:  Ms. Smith, do you understand that if you

18   plead guilty, you are subject to the penalties and

19   consequences just explained?

20          DEFENDANT SMITH:  Yes.

21          THE COURT:  As to Defendants Beck and Sillers?

22          MR. SMITH:  Up to five years imprisonment and/or a

23   fine of up to $250,000.  In addition, the Court may assess a

24   term of supervised release of up to three years, and a special

25   assessment of $100.

1          THE COURT:  Do each of you understand that if you

2     plead guilty, you are subject to the penalties and

3     consequences just explained?

4        Mr. Beck?

5              DEFENDANT BECK:  Yes, sir.

6              THE COURT:  Mr. Sillers?

7              DEFENDANT SILLERS:  Yes, sir.

8              THE COURT:  Finally, as to Defendants Rico and Serna?

9              MR. SMITH:  For Defendant Rico, imprisonment for a

10    period of not more than two years, a fine not to exceed

11    $250,000, a term of supervised release not to exceed one year,

12    which may be mandatory under the law and will follow any term

13    of imprisonment.  If the defendant violates the conditions of

14    supervised release, he could be imprisoned for an additional

15    term of imprisonment.  Plus, a mandatory special assessment of

16    $100.

17       For Defendant Serna, imprisonment for a period of not more

18    than 20 years, a fine not to exceed $250,000, or both fine and

19    imprisonment.  A term of supervised release not to exceed

20    three years, which may be mandatory under the lawyer and will

21    follow any term of imprisonment.

22       If the defendant violates the conditions of supervised

23    release, he could be imprisoned for an additional term of

24    imprisonment, and a special assessment of $100.

25             THE COURT:  Mr. Smith, as to Defendant Rico, what was

1    the term of imprisonment?

2            MR. SMITH:  Not more than two years, Your Honor.

3            THE COURT:  I wanted to make sure I heard that

4    correctly.

5        All right.  Defendants Rico and Serna, do each of you

6    understand that if you plead guilty, you are subject to the

7    penalties and consequences just explained?

8        Mr. Rico?

9            DEFENDANT RICO:  Yes, sir.

10           THE COURT:  Mr. Serna?

11           DEFENDANT SERNA:  Yes, sir.

12           THE COURT:  Now, Ms. Smith, under the terms of your

13   plea agreement, you understand that if the sentence that you

14   receive is more severe than you expect, you will still be

15   bound by your plea of guilty, and you will no right to

16   withdraw your plea?

17           DEFENDANT SMITH:  Yes, sir.

18           THE COURT:  All right.  Does any defendant have any

19   questions about anything that we have covered up to this

20   point?

21       Ms. Smith?

22           DEFENDANT SMITH:  No.

23           THE COURT:  Mr. Beck?

24           DEFENDANT BECK:  No, sir.

25           THE COURT:  Mr. Sillers?

1          DEFENDANT SILLERS:  No, sir.

2          THE COURT:  Mr. Rico?

3          DEFENDANT RICO:  No, sir.

4          THE COURT:  Mr. Serna?

5          DEFENDANT SERNA:  No, sir.

6          THE COURT:  Then having heard all the foregoing, I

7    now ask, how do plead to the one count information against

8    you, Ms. Smith, guilty or not guilty?

9          DEFENDANT SMITH:  Guilty.

10         THE COURT:  And how do you plead to the one count

11   indictment against you, guilty or not guilty?

12      Mr. Beck?

13         DEFENDANT SMITH:  Guilty, sir.

14         THE COURT:  Mr. Sillers?

15         DEFENDANT SILLERS:  Guilty.

16         THE COURT:  Mr. Rico?

17         DEFENDANT RICO:  Guilty.

18         THE COURT:  Mr. Serna?

19         DEFENDANT SERNA:  Guilty.

20         THE COURT:  Mr. Biggs, is the guilty plea of your

21   clients consistent with your advice?

22         MR. BIGGS:  Yes, Your Honor.

23         THE COURT:  And as to Mr. Fleury's clients as well?

24         MR. BIGGS:  Yes.

25         THE COURT:  And, Mr. Hermesmeyer, are the guilty

```
1    pleas of your clients consistent with your advice?

2              MR. HERMESMEYER:  Yes, Your Honor.

3              THE COURT:  Then I will accept the guilty pleas of

4    the defendants on the condition that there is a factual basis

5    to support such plea.  I have been provided documents

6    appropriately styled and numbered for each of the defendant's

7    cases, which are entitled "Factual Resume."  Each of these

8    factual resumes appear to be signed by the defendant and

9    counsel.

10      I ask, is this your signature that appears on the factual

11   resume?  Ms. Smith?

12             DEFENDANT SMITH:  Yes.

13             THE COURT:  Mr. Beck?

14             DEFENDANT BECK:  Yes, sir.

15             THE COURT:  Mr. Sillers?

16             DEFENDANT SILLERS:  Yes, sir.

17             THE COURT:  Mr. Rico?

18             DEFENDANT RICO:  Yes, sir.

19             THE COURT:  And Mr. Serna?

20             DEFENDANT SILLERS:  Yes, sir.

21             THE COURT:  Have you read or had read to you the

22   factual resume?  Ms. Smith?

23             DEFENDANT SMITH:  Yes.

24             THE COURT:  Mr. Beck?

25             DEFENDANT BECK:  Yes, sir.
```

1          THE COURT:  Mr. Sillers?

2          DEFENDANT SILLERS:  Yes, sir.

3          THE COURT:  Mr. Rico?

4          DEFENDANT RICO:  Yes, sir.

5          THE COURT:  And Mr. Serna?

6          DEFENDANT SERNA:  Yes, sir.

7          THE COURT:  Did you understand everything that is set

8     forth in your factual resume?

9        Ms. Smith?

10          DEFENDANT SMITH:  Yes.

11          THE COURT:  Mr. Beck?

12          DEFENDANT BECK:  Yes, sir.

13          THE COURT:  Mr. Sillers?

14          DEFENDANT SILLERS:  Yes, sir.

15          THE COURT:  Mr. Rico?

16          DEFENDANT RICO:  Yes, sir.

17          THE  COURT:  And Mr. Serna?

18          DEFENDANT SERNA:  Yes, sir.

19          THE COURT:  It would be appropriate for the United

20     States Attorney to now read the stipulated facts portion of

21     your factual resume here in open court.  However, because you

22     have read it or had it read to you, you've indicated to me

23     that you fully understand it, and your signature appears on

24     the factual resume, I will allow you to waive the reading of

25     those facts.

1       Do you wish to have the facts read, or do you waive the

2  reading at this time?

3       Ms. Smith?

4            DEFENDANT SMITH:  Waive.

5            THE COURT:  Mr. Beck?

6            DEFENDANT BECK:  Waive, sir.

7            THE COURT:  Mr. Sillers?

8            DEFENDANT SILLERS:  Waive, Your Honor.

9            THE COURT:  Mr. Rico?

10           DEFENDANT RICO:  Waive, sir.

11           THE COURT:  And Mr. Serna?

12           DEFENDANT SERNA:  I waive.

13           THE COURT:  I will allow each of you to waive the

14  reading of the factual resume.

15       Are the facts stated in the factual resume true and

16  correct?  Ms. Smith?

17           DEFENDANT SMITH:  Yes.

18           THE COURT:  Mr. Beck?

19           DEFENDANT BECK:  Yes, sir.

20           THE COURT:  Mr. Sillers?

21           DEFENDANT SILLERS:  Yes, sir.

22           THE COURT:  One moment.

23       On Mr. Beck's factual resume on Page 2, there is a

24  handwritten change in the facts changing the date.  I need to

25  hand this forward and ask Mr. Beck and Mr. Biggs, if you

1    would, initial that change.  There is a handwritten change

2    there.

3        (Brief pause in proceedings)

4            THE COURT:  Thank you.

5        Mr. Beck, with that change, are the facts stated in your

6    factual resume true and correct?

7            DEFENDANT BECK:  Yes, sir.

8            THE COURT:  And I may have asked you but I'm not

9    sure, Mr. Sillers.  Are the facts in your factual resume true

10   and correct?

11           DEFENDANT SILLERS:  Yes, sir.

12           THE COURT:  Also, in Defendant Rico's factual resume,

13   there is a handwritten change in the stipulated facts

14   portion.

15       And, Mr. Hermesmeyer, is this your client's initials above

16   that change?

17           MR. HERMESMEYER:  Yes, Your Honor.

18           THE COURT:  So, Mr. Rico, are the facts stated in

19   your factual resume true and correct?

20           DEFENDANT RICO:  Yes, sir.

21           THE COURT:  And, Mr. Serna, are the facts stated in

22   your factual resume true and correct?

23           DEFENDANT SERNA:  Yes, sir.

24           THE COURT:  Mr. Biggs, are the facts stated in the

25   factual resumes of Defendants Smith, Beck, and Sillers

1   consistent with the true facts as you and Mr. Fleury

2   understand them?

3            MR. BIGGS:  Yes, sir.

4            THE COURT:  And, Mr. Hermesmeyer, are the facts in

5   your clients' factual resume consistent with the true facts as

6   you understand them?

7            MR. HERMESMEYER:  Yes, Your Honor.

8            THE COURT:  All right.  The Court, being satisfied

9   with the responses given during this hearing, finds that each

10  defendant is fully competent and capable of entering an

11  informed plea and that his or her plea of guilty to the

12  charges against them is a knowing and voluntary plea supported

13  by an independent basis in fact containing each of the

14  essential elements of the offense charged against the

15  defendant.  I accept each of your pleas of guilty, and I

16  pronounce each of you guilty of the offense charged against

17  you in the indictment or information.

18      Now, a presentence report will be prepared by the

19  probation office to assist the Court in sentencing.  You will

20  be asked to give information for that report, and your degree

21  of cooperation could be a factor in the severity of the

22  sentence that you receive.

23      Your attorney is ordered to be present at your interview

24  with recent familiarity with Sentencing Guideline Section

25  3E1.1, Application Note 1A.  You and your counsel will be

1    provided a copy of the presentence report well in advance of

2    the date of sentencing, and you will have an opportunity to

3    make any comments on it or objections to it.

4        Now, because I have conducted this hearing rather than the

5    district judge, based on your consent and the district judge's

6    referral of this matter to you, I am making a written report

7    to the district judging telling him what you have said and

8    done here today and what I have found.  I inform each of you

9    that if you have any objection to anything I have said or done

10   or to this report itself, then those objections must be filed

11   within 14 days of the date of this hearing.

12       The clerk has provided each of your counsel with a

13   presentence referral form.  Ms. Smith, you and your counsel

14   are instructed to take the form immediately upon the

15   conclusion of this hearing to the 4th Floor probation office

16   in this building where you will be given further instructions

17   regarding the presentence investigation.

18       Counsel for those clients in custody are, likewise,

19   instructed to do the same.

20       Ms. Smith, you are scheduled to be sentenced on

21   January 17, 2012 at 10:30 a.m.

22       The remaining defendants -- actually, Defendants Beck and

23   Sillers, each of you are scheduled to be sentenced January 23,

24   2012 at 9:30 a.m.

25       And Defendants Rico and Serna, you are each scheduled to

1    be sentenced on January 18, 2012 at 10:30 a.m.

2        All of you are set to be sentenced before the Honorable

3    Terry R. Means in this courtroom on those dates and times.

4        Now, as to Defendant Smith, is there any reason we need to

5    reconsider the custodial status of Defendant Smith?

6            MR. SMITH:  No, Your Honor.

7            THE COURT:  Ms. Smith, you have been out on

8    conditions of bond, and I will, therefore, find by clear and

9    convincing evidence that you do not pose a danger to the

10   community or a risk of flight or nonappearance as I have

11   received a favorable report from pretrial services that you

12   are in compliance with your conditions.  Therefore, you will

13   be allowed to continue on the same conditions of release that

14   you have been on pending further proceedings.

15       As to the remaining defendants, you are currently in the

16   custody of the United States Marshal, and it's appropriate

17   that you remain in that custody pending further proceedings in

18   your case.

19       All right.  Are there any other matters to consider in

20   connection with any of the defendants?

21           MR. SMITH:  No, Your Honor.

22           THE COURT:  Anything from the defendant?

23           MR. HERMESMEYER:  No, Your Honor.

24           THE COURT:  All right.  Then that will conclude this

25   proceeding.  The defendants are remanded to the custody of the

1    marshal, except for Ms. Smith, and the attorneys are

2    excused.

3         (End of proceedings, 9:50 a.m.)

4

5                            -oOo-

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20                         CERTIFICATE

21        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter, and
22   that the transcript was prepared by me and under my
     supervision.
23
     s/  Ana P. Warren                      March 16, 2012
24   Ana P. Warren, CSR #2302                   Date
     U.S. District Court Reporter
25                            -oOo-