1

```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                             FORT WORTH DIVISION

UNITED STATES OF AMERICA        .   CRIMINAL ACTION NO.
                                .   4:11-CR-120-Y
V.                              .
                                .   Fort Worth, Texas
TERRY GLEN SILLERS              .   January 23, 2012
. . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF PROCEEDINGS
(Sentencing Hearing)
BEFORE THE HONORABLE TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Government: | MR. MATTHEW GULDE<br>United States Attorney's Office<br>801 Cherry Street, Suite 1700<br>Fort Worth, Texas  76102-6897<br>(817) 252-5200 |
| For the Defendant: | MR. PETER FLEURY<br>Federal Public Defender<br>819 Taylor Street, Room 9A10<br>Fort Worth, Texas  76102<br>(817) 978-2753 |
| Court Reporter: | MS. ANA P. WARREN<br>U.S. District Court Reporter<br>501 W. 10th Street, Room 201<br>Fort Worth, Texas  76102-3637<br>(817) 850-6681 |

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

***P R O C E E D I N G S***

(Commencing, 10:00 a.m.)

THE COURT: Next before the Court is the sentencing of Terry Glen Sillers, Cause Number 4:11-CR-120-Y, United States of America versus Terry Glen Sillers.

Are the parties ready to proceed?

MR. GULDE: The government's ready, Your Honor. Matt Gulde for the United States.

MR. FLEURY: Peter Fleury for the Federal Defender's Office representing Mr. Sillers, and we're ready to proceed, Your Honor.

THE COURT: Mr. Sillers, would you please acknowledge your presence in court for the record by stating your full name?

DEFENDANT SILLERS: Terry Glen Sillers.

THE COURT: Mr. Sillers, you appeared before Magistrate Judge Jeffrey Cureton on October 6, 2011, at which time you entered a plea of guilty to Count 1 of the indictment charging you with escape, in violation of 18, United States Code, Section 751(a). On that date, Judge Cureton found that your plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. You told him at that time that you understood the elements of the offense, agreed to the accuracy of the factual resume, and admitted that you

1   committed all essential elements of the offense.  Accordingly,
2   on October 21, 2011, I entered an order accepting your plea
3   and adjudging you guilty of the crime alleged in the
4   indictment against you.
5       Mr. Fleury, did you and your client receive in a timely
6   manner a copy of the presentence report?
7           MR. FLEURY:  We did, Your Honor.
8           THE COURT:  And did you review it carefully with
9   Mr. Sillers?
10          MR. FLEURY:  Yes, Your Honor.
11          THE COURT:  Did the government receive it timely?
12          MR. GULDE:  Yes, Your Honor.
13          THE COURT:  Excuse me.
14      There being no objections to the fact findings in the
15  presentence report, I adopt those findings as my own.  And
16  there being no objections to the probation officer's
17  conclusions set forth in the report as to the appropriate
18  guideline calculations, I adopt those conclusions and
19  determine that the appropriate guideline calculations are:
20      Total Offense Level 13.  Criminal History Category V.
21  Imprisonment range 30 to 37 months.  Supervised release range
22  one to three years, and a fine range of $3,000 to $30,000,
23  plus, the cost of imprisonment and supervision.
24      I've received a helpful letter from Mr. Sillers himself,
25  which does play a role in my thinking as to the appropriate

1  sentence in this case and, in particular, probably saved him
2  from an upward departure.
3       Mr. Fleury, do you wish to make any remarks on behalf of
4  Mr. Sillers?
5            MR. FLEURY:  Yes, Your Honor.
6       First, I would -- his father would like to address the
7  Court.
8            THE COURT:  All right.  Good morning, sir.
9            MR. SILLERS:  Good morning.
10           THE COURT:  What would you like to say to the Court?
11           MR. SILLERS:  To my knowledge, when he was released
12 the last time, he was drug free and alcohol free, and I have a
13 two bedroom home and been married 14 years, and I would like
14 for him to come live with us when he's released.
15           THE COURT:  If I recall correctly, you and he did not
16 have a good relationship when he was growing up, and you've
17 reconciled over the last years, and, now, you're stepping
18 forward to try to help him out.  Is that right?
19           MR. SILLERS:  I'm sorry, Your Honor.  I didn't hear
20 you.
21           THE COURT:  You didn't hear the whole thing?
22           MR. SILLERS:  No, sir.
23           THE COURT:  Correct me if I'm wrong, but my
24 recollection is that you and he did not have a close
25 relationship when he was young and that you have forged a

1   closer relationship in the last years.  Is that correct?
2           MR. SILLERS:  Yes, sir, that's correct.
3           THE COURT:  And you're now stepping forward trying to
4   help him out?
5           MR. SILLERS:  Yes, sir.  His mother passed away about
6   four years ago, and he lost his sister two years ago this
7   month.
8           THE COURT:  All right.  I interrupted you.  Did you
9   want to finish saying something else?
10          MR. SILLERS:  No, sir.
11          THE COURT:  Thank you very much.
12          MR. SILLERS:  Thank you.
13          MR. FLEURY:  Now, I'll ask Agent Wilson to come up
14  and explain some of Mr. Sillers's activities.
15      May we approach, Your Honor?
16          THE COURT:  Yes, sir.
17      (Off-the-record discussion at the bench at this time)
18          THE COURT:  Mr. Fleury, is there anything else you
19  wanted to present to the Court?
20          MR. FLEURY:  No, Your Honor.
21          THE COURT:  Mr. Sillers, do you wish to speak on your
22  own behalf or present any information in mitigation of your
23  sentence?
24          DEFENDANT SILLERS:  I would just like to apologize to
25  the courts and everybody that was affected by the poor choices

1  I made.

2      THE COURT:  All right, sir.  Thank you.

3  Does the government wish to be heard?

4      MR. GULDE:  No thank you, Your Honor.

5      THE COURT:  I'll now state the sentence determined

6  pursuant to Title 18, United States Code, Section 3553(a),

7  treating the sentencing guidelines issued by the sentencing

8  commission as advisory only under United States versus

9  Booker.

10     In arriving at a reasonable sentence, I've taken into

11 account primarily the conduct admitted by Mr. Sillers in his

12 factual resume and those matters required to be considered by

13 Section 3553(a).

14     The attorneys will have a final chance to make legal

15 objections before sentence is finally imposed.

16     I don't think I announced the guideline range for some

17 reason.

18     MR. FLEURY:  I think you did, Judge.

19     THE COURT:  I did?  Well, I had a lapse.  All right,

20 old timer's disease.

21     It is the judgment of the Court that the defendant, Terry

22 Glen Sillers, in Case Number 4:11-CR-120-Y, be committed to

23 the custody of the Federal Bureau of Prisons for a period of

24 30 months.  This sentence shall run consecutively to any

25 sentence that may be imposed by either the 213th Judicial

1   District Court, Tarrant County, Texas, in Case Number
2   0433762W, or Criminal District Court Number 4 of Tarrant
3   County, Texas in Case Number 0504508 upon revocation of
4   parole, if there is revocation of parole.
5       I do not order a fine or cost of incarceration because
6   Mr. Sillers does not have the financial resources or future
7   earning capacity to pay a fine or cost of the incarceration.
8   Restitution is not ordered because there is no victim other
9   than society at large.
10      Upon release from imprisonment, Mr. Sillers shall be on
11  supervised release for a term of three years.  While on
12  supervised release, he shall comply with the standard
13  conditions recommended by the sentencing commission and comply
14  with the following additional conditions, and these additional
15  conditions have been set out in a separate order signed by me
16  this day and offered to Mr. Sillers for his review and
17  signature, and he has now returned that order to me with his
18  signature indicating his receipt of the additional terms, his
19  understanding of them, and his waiver of having them read here
20  in open court.  In addition, he is ordered to pay a mandatory
21  special assessment of $100.
22      In determining the sentence, I've considered the advisory
23  guidelines as well as statutory directives listed in 18, USC,
24  Section 3553(a).  A sentence of 30 months is sufficient but
25  not greater than necessary to achieve the Court's sentencing

1  objectives of punishment, deterrence, and protection of the
2  public.
3      I have now stated the sentence.  I call upon the parties
4  to indicate any legal reason why sentence may not be imposed
5  as stated?
6          MR. GULDE:  None from the government, Your Honor.
7          MR. FLEURY:  Your Honor, we would object to part of
8  the judgment that orders this case to be run consecutive to an
9  unimposed state court sentence.  I don't even know if those
10 are pending still, but I think that decision is before the
11 Supreme Court presently.
12         THE COURT:  Yes.  I haven't heard anything about
13 that.  I know it's before the Court.
14     Have you heard anything on it?
15         MR. FLEURY:  I have not.
16         THE COURT:  Okay.  I haven't either.
17     Objection to the sentence as imposed -- as stated is
18 overruled, and sentence is imposed as stated.
19     Mr. Sillers, you have the right to appeal the sentence
20 that I have imposed.  You also have the right to apply for
21 leave to appeal in forma pauperis if you are unable to pay the
22 cost of an appeal.
23     Do you have any questions, sir?
24         DEFENDANT SILLERS:  No, sir.
25         THE COURT:  Good luck to you.

1          DEFENDANT SILLERS:  Thank you.

2          THE COURT:  You're remanded to the custody of the

3    United States Marshal.

4       (Brief pause in proceedings)

5          THE COURT:  Mr. Sillers, they may not prosecute.  I'm

6    just saying it's consecutive if they do, and then there is a

7    case pending on appeal in the Supreme Court about whether

8    courts like mine have the authority to make that consecutive.

9          DEFENDANT SILLERS:  Thank you.

10         THE COURT:  You might luck out on that.

11         DEFENDANT SILLERS:  Thank you very much.

12      (End of proceedings, 10:10 a.m.)

13

14                              -oOo-

15

16

17

18

19

20                           CERTIFICATE

21     I certify that the foregoing is a correct transcript from
       the record of proceedings in the above-entitled matter, and
22     that the transcript was prepared by me and under my
       supervision.
23
       s/  Ana P. Warren                            March 16, 2012
24     Ana P. Warren, CSR #2302                         Date
       U.S. District Court Reporter
25                              -oOo-